## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                    )
FULVIO FLETE-GARCIA,                )
                                    )
            Petitioner,             )
                                    )
v.                                  )   Criminal Action
                                    )   No. 15-10139-PBS
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )
_____)

### MEMORANDUM AND ORDER

March 20, 2020

Saris, D.J.

### INTRODUCTION

Pro se petitioner Fulvio Flete-Garcia moves under 28 U.S.C. § 2255 to challenge his conviction for unlawful reentry, misuse of a Social Security number, and aggravated identity theft on four grounds: (1) he was prejudiced by the delay in a separate ongoing investigation against him, which later resulted in a sentence of 132 months imprisonment; (2) his counsel was ineffective by failing to object to that ongoing investigation; (3) he is entitled to a reduction in his sentence in light of the later sentence; and (4) a federal agent provided false information to the grand jury.

After a review of the record, the Court **DENIES** the petition (Dkt. No. 105). The Court also **DENIES** Flete-Garcia's petition

1

for declaratory judgment (Dkt. No. 116), as well as seven other pending motions on the docket (Dkt. Nos. 110, 113, 119, 120, 125, 150, 163).

## BACKGROUND

### I. Present Unlawful Reentry Case: Investigation and Plea

On June 4, 2015, a grand jury returned an indictment against Fulvio Flete-Garcia on charges of unlawful reentry of a previously deported alien, misuse of a Social Security number, and aggravated identity theft. I refer to this criminal case as the "unlawful reentry" case.

On October 13, 2015, this Court held a Rule 11 hearing and Flete-Garcia pled guilty to all three charges. At the time, Flete-Garcia was represented by Oscar Cruz Jr. of the Federal Public Defender Office.

At the hearing, the Government was asked to recite the factual basis for the charges. The Government responded that Flete-Garcia is a native of the Dominican Republic and was charged in 2002 with making false statements in an application for a U.S. passport. Flete-Garcia pled guilty and, after serving his sentence, was deported on September 21, 2002.

In 2014, Flete-Garcia was identified by law enforcement near Lawrence, Massachusetts. A complaint issued on the unlawful reentry charge in June 2014, but Flete-Garcia was not arrested until May 2, 2015. Upon his arrest, he provided a false name, as

well as false documents in that name. The name and Social Security number in fact belonged to a Puerto Rican citizen.

When asked if he objected to the factual recitation of the Government, Flete-Garcia responded that he had obtained state identification cards in Louisiana and Pennsylvania, not driver's licenses, as the Government asserted. The Court asked, "Other than that, is there anything you disagree with?" to which Flete-Garcia responded, "No." Dkt. No. 60 at 12. The Court set a sentencing date for January 2016.

## II. Related Fraud Case: Investigation

On December 3, 2015, almost two months after the Rule 11 hearing in the unlawful reentry case, a grand jury returned a separate indictment against Flete-Garcia on counts of conspiracy to defraud the United States Government, conversion of government property, access device fraud, and aggravated identity theft. He was charged with a co-defendant in connection with a multi-million-dollar scheme to file fraudulent federal income tax returns using stolen names and Social Security numbers and then to sell the resulting refund checks to an intermediary. The case was assigned to another judge of this Court, Judge Sorokin, with the case number 15-cr-10381-LTS. I refer to this criminal case as the "fraud" case.

In the fraud case, Flete-Garcia was originally represented by Oscar Cruz Jr. of the Federal Public Defender Office, who was also representing Flete-Garcia in the unlawful reentry case.

### III. **Parallel Cases: Motions to Withdraw as Counsel**

On December 18, 2015, Cruz moved to withdraw as counsel in the unlawful reentry case because of a conflict of interest within the Federal Public Defender Office. The Court granted the motion and appointed CJA counsel, Kenneth Halpern, on January 12, 2016. Cruz also moved to withdraw in the fraud case in January 2016 and Halpern was appointed as CJA counsel.

Two months later, on March 9, 2016, Halpern moved to withdraw from both cases. In an <u>ex parte</u> motion to this Court in the unlawful reentry case, Flete-Garcia requested that Halpern be removed. Flete-Garcia wrote in an affidavit, "[Halpern] insists on me pleading guilty for something I did not do nor there is [sic] any evidence against me. . . . I also like to take my plead [sic] back from my recent case for I haven't been legally advised and represented by a lawyer the right way." Dkt. No. 43-1.

In the fraud case, the Court held a hearing on March 18, 2016 to consider Halpern's motion to withdraw. The Court granted the motion and a third attorney was appointed in the fraud case to represent Flete-Garcia.

In the unlawful reentry case, this Court held a hearing eleven days later, on March 29, 2016, on Halpern's motion to withdraw. This Court determined that all issues between Flete-Garcia and his attorney had been resolved and that Halpern would continue to represent Flete-Garcia. Flete-Garcia repeatedly expressed that he wanted to go forward with sentencing in this case with Halpern, even though he had been unhappy with Halpern's representation in the fraud case.

### IV. Unlawful Reentry Case: Sentencing and Direct Appeals

On April 6, 2016, the Court sentenced Flete-Garcia to 28 months imprisonment — 4 months on the unlawful reentry and misuse of a Social Security number charges followed by a consecutive 24-month mandatory minimum for the aggravated identity theft charge — and then three years of supervised release. The Court stated its intention was for the sentence to run concurrently with any sentence imposed in the fraud case, but that the decision was left to that sentencing judge.

Flete-Garcia appealed pro se based on "misrepresentation of two different counsels appointed to me by the court." Dkt. No. 50-1 at 1. He wrote in his notice of appeal that he had been pressured into pleading guilty. He said he had asked his attorney to file motions to suppress and to withdraw his guilty plea, but that Halpern refused because "he did not want to lie to the court." Id. On the same day, Flete-Garcia also filed a

5

motion to revise and revoke his sentence, which this Court denied on April 13, 2016.

On June 27, 2017, the First Circuit summarily affirmed this Court's acceptance of Flete-Garcia's guilty plea and his sentence. Flete-Garcia filed the present pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 in a petition signed and dated on September 11, 2018 and entered on the docket on September 21, 2018. The Government filed its response on January 8, 2019. Flete-Garcia was granted several extensions of time to file his reply but did not do so by the deadline of June 24, 2019.

**V. Fraud Case: Guilty Plea and Sentencing**

Judge Sorokin held an initial pre-trial conference in the fraud case on November 3, 2016, almost seven months after sentencing in the unlawful reentry case. In March 2017, Flete-Garcia's attorney in the fraud case filed a motion to dismiss the indictment based on grand jury misconduct. The motion alleged that the federal case agent, who was the only government witness before the grand jury, knowingly presented false testimony to the grand jury about Flete-Garcia's involvement in the fraudulent tax refund scheme.

Several days later, on March 9, 2017, the Government filed a superseding indictment adding counts of money laundering. In light of the superseding indictment, the Court denied as moot

the prior motion to dismiss the indictment based on grand jury misconduct. Defense counsel did not refile the motion.

On July 10, 2017, the Court impaneled a jury in Flete-Garcia's fraud case. After two and a half days of trial, Flete-Garcia informed the Court that he wished to plead guilty. A Rule 11 colloquy was held and the Court accepted his plea. Several weeks later, Flete-Garcia's appointed trial attorney moved to withdraw because Flete-Garcia had retained private counsel.

On December 20, 2017, Flete-Garcia was scheduled for sentencing. On that day, represented by new counsel, he moved to withdraw his guilty plea. The Court denied that motion and proceeded with sentencing. The Court sentenced Flete-Garcia to a total of 132 months followed by two years of supervised release. Defense counsel did not request and the Court did not order that the sentence in the fraud case run concurrently with the sentence in the unlawful reentry case.

Flete-Garcia's direct appeal in the fraud case was denied and the Supreme Court denied his petition for certiorari on October 15, 2019.

## DISCUSSION

### I. Standard of Review

A federal criminal defendant "may petition for post-conviction relief under 28 U.S.C. § 2255(a) if, inter alia, the individual's sentence 'was imposed in violation of the

Constitution or laws of the United States' or 'is otherwise subject to collateral attack.'" Lassend v. United States, 898 F.3d 115, 122 (1st Cir. 2018) (quoting 28 U.S.C. § 2255(a)). The petitioner bears the burden of establishing his entitlement to relief. Id.

"Evidentiary hearings on § 2255 petitions are the exception, not the norm," and the defendant bears "a heavy burden . . . to demonstrate that an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003). The court need not hold an evidentiary hearing if the petition "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Id. (quoting United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978)). Because the record in this case demonstrates that Flete-Garcia's claim lacks merit, the Court declines to hold an evidentiary hearing.

## II. One-Year Statutory Limitation on § 2255 Petitions

The Government argues Flete-Garcia's § 2255 petition is untimely. Pursuant to 28 U.S.C. § 2255(f), there is a "1-year period of limitation" on § 2255 petitions. The period is triggered by the latest of four events, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For purposes of 28 U.S.C. § 2255(f)(1), a judgment is final "when the time expires for filing a petition for

certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003).

Neither party has calculated the date on which time expired for Flete-Garcia to file a petition for certiorari, but Supreme Court rules set a deadline of 90 days after entry of the Court of Appeals' judgment unless a petition for rehearing is filed in the appellate court. Id. (citing Sup. Ct. R. 13). The final judgment of the First Circuit in this case issued on June 27, 2017.[1] Ninety days later was September 25, 2017. Because Flete-Garcia filed his § 2255 action on September 21, 2018, less than a year after that date, his petition is timely.

The Court therefore proceeds to the merits of Flete-Garcia's petition.

## III. **Merits**

Flete-Garcia's petition fails on the merits. Flete-Garcia provides four grounds for habeas relief, but all four are attacks on the fraud case, not on the matters resolved in this case. This Court cannot provide habeas relief for alleged violations that occurred in another case.

---

[1] The Government identifies July 21, 2017 as the date of the final judgment of the First Circuit, but that was the date the mandate issued. "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup. Ct. R. 13(3).

### 1. Prejudice from Delay in Fraud Investigation

The first ground that Flete-Garcia raises is that there was never a "satisfactory explanation" for the "delay concerning an ongoing investigation" in the fraud case and that the Court should have pressed the Government to explain the delay. Dkt No. 106 at 2. He continues that, because the "second conviction was really just a continuation of the first," the "lack of speedy prosecution" in the "second conviction has prejudiced this defendant." Id.

It is incorrect to say that the fraud case was merely a "continuation" of the unlawful reentry case. The two cases charged distinct and separate criminal offenses. The unlawful reentry case related to Flete-Garcia's own legal status in the United States and his personal use of another person's Social Security number. The fraud case involved a separate scheme to file fraudulent tax returns by using stolen Social Security numbers. While both cases involved misuse of Social Security numbers and aggravated identity theft, they addressed entirely separate conduct.

Flete-Garcia has offered no evidence that the delay in the second case prejudiced his constitutional rights in this case. A habeas action in this case is not the appropriate vehicle to challenge a delay in the fraud case, even assuming one existed

that would rise to the level of a constitutional violation of the right to a speedy trial.

**2. Ineffective Assistance of Counsel**

The second ground that Flete-Garcia raises is ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1987). He must show that counsel's performance was deficient, and that he was prejudiced as a result of the deficient performance. See id. at 687.

Flete-Garcia first writes that "Defense Counsel failed to object to the parties' debate about the ongoing investigation against his client" and that "Defense Counsel could have moved the court under a motion to suppress regarding the delay with the investigation, to challenge certain documents, reasons for the delay, and any available evidence derived therefrom." Dkt. No. 106 at 3.

Again, the fraud charges were handled in another case, by another judge. This Court did not have the power to dismiss the indictment or suppress evidence in that case, even if defense counsel had asked for that remedy. There would have been no grounds for this Court to suppress evidence related to the fraud investigation in this case because no such evidence was introduced. Although the fraud investigation came to the Court's

11

attention during hearing on Halpern's motion to withdraw and during sentencing, facts related to the fraud scheme had no bearing on Flete-Garcia's guilt or sentence on the three counts in this case. There were simply no grounds for a motion to suppress and "counsel is not required to make futile or frivolous motions." United States v. Ritch, 583 F.2d 1179, 1182 (1st Cir. 1978).

Flete-Garcia also argues his counsel was ineffective because his attorney "did not have possession of the 'discovery' prior to proceeding before the court in this case." Dkt. No. 106 at 4. Flete-Garcia writes that at his arraignment on June 11, 2015, the prosecution was granted four weeks to produce automatic discovery, but that discovery was not produced until July 23, 2015. Construed generously, Flete-Garcia perhaps means that the delay between his arraignment and the automatic disclosures was too long. But he has offered no evidence that any delay during that period prejudiced him. Discovery was produced many months in advance of Flete-Garcia's guilty plea on October 13, 2015 and there is no evidence that his attorney lacked the necessary information to advise him.

### 3. Sentence Reduction

Third, Flete-Garcia argues that he should have been sentenced after investigations in both cases had concluded as part of a single indictment. He also argues that his defense

12

counsel should have "raised [an] objection[], moved the court for a hearing, or filed [a] motion[] to protect his client's rights" to ensure that the sentences in the two cases ran concurrently. Dkt. No. 106 at 6.

To the extent Flete-Garcia argues that the two cases were improperly separated, this Court addressed that argument earlier in its analysis and explicitly rejects it now. The investigations, though relating to violations of some of the same statutes, targeted separate conduct — one was about personal misuse of a Social Security number in connection with unlawful presence while the other related to a broad criminal scheme with multiple defendants. The Government was not required to bring the two cases as one.

To the extent Flete-Garcia relies on this Court's statements that it intended its sentence to run concurrently with the sentence in the fraud case, those statements are not a ground for relief. The Court was clear that it could only express its own intention — it did not and could not bind the sentencing judge in the fraud case. If defense counsel in the fraud case was ineffective by failing to request concurrent sentences, the error was in the fraud case. A habeas action in this case cannot reach that error.

**4. False Information to Grand Jury**

The fourth ground on which Flete-Garcia seeks relief is that a federal agent gave false testimony to the grand jury. This allegation relates exclusively to the fraud case. According to the Government, Agent Clarke did not testify before the grand jury in this case and Flete-Garcia has not alleged that he did. Any challenge to Agent Clarke's grand jury testimony must be raised in the fraud case.

## IV. Petition for Declaratory Judgment

Flete-Garcia also filed a document that he titled a "Petition for Declaratory Judgment," signed and dated on December 11, 2018. Dkt. No. 116. Flete-Garcia asks the Court to declare that he was not present at his arraignment hearing on June 11, 2015, in violation of the Federal Rules of Criminal Procedure.

To the extent Flete-Garcia seeks such declaratory judgment as an additional ground for habeas relief, he is barred both by § 2255's one-year time limitation and by its bar on second or successive petitions. 28 U.S.C. § 2255(f),(h).

Even were this Court to entertain Flete-Garcia's motion, it must fail. Flete-Garcia argues that the custody records of the U.S. Marshal Service ("USMS") show he was not brought to federal court on June 11, 2015 and so could not have been present. But a transcript of that proceeding shows Flete-Garcia responding to

questions from the Court. Dkt. No. 68 at 3. The clerk notes for the arraignment note that the "defendant was remanded to the custody of the USMS." Dkt. No. 16. The Marshal Service custody log that Flete-Garcia provides – which seems not to include court appearances at all – cannot overcome records on the public docket of Flete-Garcia's appearance at his arraignment.

**V. Other Pending Motions**

The motion for a case status update on Flete-Garcia's § 2255 petition (Dkt. No. 113) is **DENIED** as moot.

The pending motions related to requests for various documents and transcripts (Dkt. Nos. 110, 119, 120, 125) are **DENIED** as moot. All documents in the Court's possession and properly requested have been sent to Flete-Garcia and checks for any documents that could not be released have been returned.

The motion to unseal grand jury minutes (Dkt. No. 150) is **DENIED**, as previously denied by this Court. See Dkt. Nos. 142, 143.

The motion for leave to file an interlocutory appeal of this Court's denial of Flete-Garcia's motion to amend pleadings (Dkt. No. 163) is **DENIED** as moot. The present order constitutes a final order in this case and no interlocutory appeal is necessary.

## ORDER

For the reasons stated above, Flete-Garcia's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 105) is **DENIED.** Flete-Garcia's petition for declaratory judgment (Dkt. No. 116) is **DENIED**. The pending motions at docket entry numbers 110, 113, 119, 120, 125, 150, 163 are **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge